UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| THEMI GUERRIERO, Guardian ad Litem of A.G., a minor of six years, THEMI and ANGELO GUERRIERO, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> SANFORD L.P. et al., <br><br> Defendants. | Civil Action No. 12-5246 (KM) <br><br> OPINION |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court by way of a Motion for Leave to File a Second Amended Complaint filed by Plaintiffs, Themi and Angelo Guerriero, personally and on behalf of their minor child, A.G. ("Plaintiffs"). D.E. 110. For the reasons set forth herein, the motion is granted in part and denied in part.

I. **BACKGROUND**

This products liability action was originally filed in this Court on August 12, 2012. Compl., Exh. A. to Not. of Removal, D.E. 1. Plaintiffs allege that on June 13, 2011, A.G., who was then six years old, was injured when he poked himself in the eye with the cap of a Sharpie Ultra Fine Marker. Prop. Sec. Am. Compl. ¶2, D.E. 110-2. The Defendants, Sandford L.P., Newell Rubbermaid, Inc., North Carolina Plastics, Carolina Plastic, LLC, and CPP Global, LLC, allegedly had some unspecified roles in the "design, manufacture, supply, assembly, installation,

1

maintenance, inspection, repair, packaging, distribution, advertising, marketing and/or sale" of the Sharpie marker. Id. at ¶1. All of Plaintiffs' causes of action are pled against Defendants jointly.

On February 11, 2016, Defendants Newell Rubbermaid, Inc. and Sanford L.P. ("Defendants") moved for judgment on the pleadings to dismiss portions of Plaintiffs' First Amended Complaint. Defs.' Mot. to Dismiss, D.E. 78. Defendants argued that Plaintiffs' claims for negligence and failure to warn (Count One), breach of implied warranty of merchantability (Count Two), and strict liability for design and manufacturing defects (Count Four) were not recognized under New Jersey law because the New Jersey Products Liability Act ("PLA"), N.J.S.A. 2A:58C et. seq., subsumes any cause of action "for harm caused by a product, irrespective of the theory underlying the claim." Id. at 4-5. Defendants therefore argued that Counts One, Two, and Four of Plaintiff's First Amended Complaint should be dismissed in favor of a single, PLA-based cause of action. Id. Judge McNulty agreed, and in an opinion and order dated August 2, 2016, granted the motion to the extent of dismissing Counts One, Two, and Four as pled in the First Amended Complaint, and directed Plaintiffs to file a Second Amended Complaint replacing Counts One, Two, and Four with a single claim of liability under the PLA. McNulty Opin. at 4-6, August 2, 2016, D.E. 105.

In response to Judge McNutly's August 2, 2016 Opinion, Plaintiffs filed the present motion for leave to file a Second Amended Complaint. D.E. 110. In the proposed Second Amended Complaint, Plaintiffs add the suggested claim under the PLA, and two new claims for loss of consortium and negligent infliction of emotional distress ("NIED"). See Proposed Sec. Am. Compl., Exh. J to Pl.'s Mot. to Amend, D.E. 110-2. Defendants have opposed the motion, arguing that Plaintiffs' claim under the PLA in the proposed Second Amended Complaint does not comply

2

with Judge McNulty's August 2, 2016 order and is not permitted under the PLA.[1]  Br. in Opp. to Mot. D.E. 111. Defendants also argue that Plaintiffs' proposed amendments adding claims for loss of consortium and NIED are futile because neither cause of action, as pled, is recognized under New Jersey law. Id.

## II.    DISCUSSION

Under Fed. R. Civ. P. 15, a plaintiff may amend his complaint once as of right, and "courts may grant subsequent amendments 'when justice so requires.'" Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003) (quoting Fed. R. Civ. P. 15(a)).  The Court may deny leave to amend the pleadings only where there is (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, (4) repeated failures to cure deficiencies, or (5) futility of amendment. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Long v. Wilson, 393 F.3d 390, 400 (3d Cir.2004) ("We have held that motions to amend pleadings [under Rule 15(a)] should be liberally granted.") (citations omitted); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002).  Here, Defendants assert that the Court should deny Plaintiffs' motion for leave to file a second amended complaint because of the futility of Plaintiffs' proposed amendments. Defs.' Opp'n Br. at 4-5, D.E. 111.  Because Defendants do not argue that there is undue delay, bad faith, undue prejudice, or repeated failure to cure deficiencies, the Court will base its determination on whether to grant Plaintiffs' motion to amend solely on whether it would be "futile" to allow their proposed new claims to proceed. See Assadourian v. Harb, 2008 WL 4056361, at *3 (D.N.J. 2008)

---

[1] One opposition brief was filed on behalf of Defendants Newell and Sanford, D.E. 111, and a second opposition brief was filed on behalf of Defendant Carolina Precision Plastics, LLC, D.E. 112.  Because both briefs advocate denying Plaintiffs' motion for substantially similar reasons, the opposition brief cited hereafter shall refer to Newell and Sanford's opposition brief, D.E. 111.

3

("The futility of amendment, or the failure of the plaintiff to articulate a claim, may also serve as a basis for denying a motion to amend.").

A court will consider an amendment futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted) (internal quotations marks omitted). To determine whether an amendment is insufficient on its face, the Court employs the standard applied to Rule 12(b)(6) motions to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Under this standard, the question before the Court is not whether the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (establishing that a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"); Harrison Beverage, 133 F.R.D. at 468 ("'Futility' of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue."). A two-part analysis determines whether this standard is met. Fowler, 578 F.3d at 210 (citing Ashcroft v. Iqbal, 556 U.S. 662, 629, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

First, a court separates the factual and legal elements of a claim. Fowler, 578 F.3d at 210. All well-pleaded facts set forth in the pleading and the contents of the documents incorporated therein must be accepted as true, but the Court may disregard legal conclusions. Id. at 210–11; West Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 n. 6 (3rd Cir.2010); see also Iqbal, 556 U.S. at 678 (noting that a complaint is insufficient if it offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions" devoid of "further factual enhancement") (alterations omitted) (internal quotations marks omitted).

Second, as stated above, a court determines whether the plaintiff's facts are sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. As the Supreme Court instructed in Iqbal, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. The plausibility standard is not a "probability requirement," but the well-pleaded facts must do more than demonstrate that the conduct is "merely consistent" with liability so as to "permit the court to infer more than the mere possibility of misconduct." Id. at 678–79 (citations omitted) (internal quotation marks omitted). This "context-specific task ... requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

### a. Proposed Claim Under the PLA

Under the PLA, a manufacturer or seller of a product can be held liable for injuries only

> if the plaintiff proves that the "product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it: (a) deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or (b) failed to contain adequate warnings or instructions, or (c) was designed in a defective manner."

Fid. & Guar. Ins. Underwriters, Inc. v. Omega Flex, Inc., 936 F. Supp. 2d 441, 446 (D.N.J. 2013) (quoting N.J.SA. 2A:58C-2). The PLA thus creates an exclusive cause of action for products liability claims, and the statute "does not recognize either negligence or implied breach of warranty as separate claims for harm caused by a defective product," as those claims are subsumed by the PLA. West v. Am. Honda Motor Co., 2008 WL 4104683, at *3 (D.N.J. 2008); see also Tirrell v. Navistar Int'l, 248 N.J. Super. 390, 398 (App. Div. 1991) (holding that New Jersey law does not recognize standalone claims for breach of warranty or negligence in a products liability action because the PLA encompasses those claims).

5

As the court noted in Medley v. Freightliner Corp., 2008 U.S. Dist. LEXIS 62079, *9-10 (D.N.J. 2008), the PLA requires "both the harm and the claimant [to] meet the definitional requirements of the statute." A "claimant" under the PLA is defined as "any person who brings a product liability action…or if an action is brought through or on behalf of a minor, the term includes the person's parent or guardian." N.J.S.A. 2A:58C-1(b)(1). "Harm" under the PLA includes four types: (1) damage to property (2) physical injury or death, (3) emotional distress or pain and suffering, and (4) loss of consortium or services. N.J.S.A. 2A:58C-1(b)(2).

In this case, Defendants argue that Plaintiffs' proposed amendment under the PLA (Count One) fails to state a claim, because "rather than assert[ing] a single cause of action under the NJPLA, Plaintiffs' proposed Second Amended Complaint instead combines the allegations from Counts One, Two, and Four of the [First] Amended Complaint to create a 'super-inclusive' single Count One in the Second Amended Complaint." Defs.' Opp'n at 10, D.E. 111. Defendants point to language in Count One which references Defendants' alleged negligence and breach of implied warranty. As noted previously, New Jersey law does not recognize negligence or breach of implied warranty claims for harm caused by a defective product, and only claims asserting manufacturing defects, design defects, or failure to warn defects are actionable under the PLA. See Tirrell, 248 N.J. Super. at 398; see also Medley, 2008 U.S. Dist. LEXIS 62079 at *9-10. Defendants argue the references to negligence and breach of the implied warranty embedded in Count One constitute an impermissible interpretation of Judge McNulty's August 2, 2016 Order and of the PLA itself. Defs.' Opp'n at 10, D.E. 111.

Although Defendants are correct that the references to negligence and breach of implied warranty in Count One of the Proposed Second Amended Complaint are technically improper under the PLA, such language does not necessarily render the claim facially deficient. Plaintiffs

have substantially complied with Judge McNulty's Order by removing the separate standalone claims for breach of implied warranty and negligence, and instead pleading a single claim under the PLA. That Plaintiffs have inartfully pled their PLA claim does not mean that the claim fails to satisfy the generous Twombly and Iqbal standard. 550 U.S. at 570; 556 U.S. at 678. The issue is whether Plaintiffs have, under Twombly and Iqbal, adequately pled the required elements under the PLA. Here, Plaintiffs allege that Defendants defectively designed and manufactured the product, and failed to provide adequate warnings and that such defects rendered the product "unsafe for its intended use" and "unreasonably dangerous." Prop. Sec. Am. Compl. ¶¶8, 11-12. The Plaintiffs further allege that as a proximate and reasonably foreseeable cause of these defects, A.G. suffered "severe, permanent, disfiguring and disabling injuries, both mental and physical." Id. ¶15.

Accordingly, the proposed claim sets forth enough facts to allege a cause of action under the PLA, and therefore alleges sufficient facts to state a claim under the statue that is plausible on its face. See Twombly, 550 U.S. at 570. The references in the proposed pleading to negligence or breach of implied warranty are surplusage. Furthermore, the extraneous language in Count One will not serve to alter Plaintiffs' proof requirements for their claim under the PLA, nor will it modify any of the defenses available to Defendants under the Act.

Therefore, the Court will grant Plaintiff's motion to add the PLA claim.

### b. Proposed Claim for Loss of Consortium

In Count Three of the Proposed Second Amended Complain ("Loss of Consortium"), Plaintiffs Themi and Angelo Guerriero, individually, assert a claim for the loss of A.G.'s services and companionship and society as a result of Defendants' actions. Prop. Sec. Am. Compl. ¶3. Defendants argue that the claim for loss of companionship and society should not be permitted to

proceed because such claims are not permitted under New Jersey law. Defs.' Opp'n Br. at 10-12. On the other hand, Defendants do not object to the proposed claim for loss of services, because that claim is recognized in New Jersey. Id. at 13 n. 7.

New Jersey courts have made clear that the common law of New Jersey "limits parents' per quod damages to loss of services, earnings, and medical expenditures from injuries to a minor child," and does not extend to parents' loss of society and companionship. McDonald v. Lederle, 366 N.J. Super. 555, 561 (App. Div. 2004) (citing Tynan v. Curzi, 332 N.J. Super. 267, (App.Div.2000)); see also H.T. v. E. Windsor Reg'l Sch. Dist., 2006 WL 3246543, *6 (D.N.J. 2006) ("parents' per quod damages resulting from negligent injuries to a minor child are limited to loss of services, earnings, and medical expenditures, and do not include loss of companionship and society"). Because a parent's claim for loss of society and companionship as a result of a minor child's injuries is simply not recognized as a cause of action in New Jersey, Plaintiffs' claim for loss of companionship and society cannot proceed. Conversely, a claim for a loss of services is recognized under New Jersey law, and therefore, Plaintiffs' request to add a claim for loss of services is granted.

### c. Proposed Claim for Negligent Infliction of Emotional Distress

In Count Four of the Proposed Second Amended Complaint, Plaintiffs Themi and Angelo Guerriero, individually, assert a claim for NIED for the "severe emotional and physical distress, alarm, humiliation, psychological harm, embarrassment, stress and anxiety," they have suffered as a result of A.G.'s injuries. Prop. Sec. Am. Compl. ¶4. Defendants argue that this proposed claim is facially insufficient because Plaintiffs have failed to plead the elements which are required for such a claim under New Jersey law. Defs.' Opp'n Br. at 12-13.

In Portee v. Jaffee, 84 N.J. 88, 101 (1980) the New Jersey Supreme Court held that a claim

8

for NIED, by a bystander, requires proof of the following four elements: "(1) the death or serious physical injury of another caused by defendant's negligence; (2) a marital or intimate, familial relationship; (3) observation of the death or injury at the scene of the accident; and (4) resulting severe emotional distress."  Since <u>Portee v. Jaffee</u>, courts have consistently held that a claim for NIED cannot proceed unless all four elements are adequately pled.  <u>See</u> <u>H.T. v. E. Windsor Reg'l Sch. Dist.</u>, 2006 U.S. Dist. LEXIS 80821, *7-8 (D.N.J. 2006) (dismissing parents' NIED claim for failure to allege they observed their child's injury at the time it happened); <u>see</u> <u>also</u> <u>Estate of Smith v. Riley</u>, 2016 U.S. Dist. LEXIS 77790, *20-21 (D.N.J. 2016) (same).

In this case, neither Themi nor Angelo Guerriero alleged that they observed A.G.'s injury at the scene of the accident or otherwise.  Therefore, because Plaintiffs have failed to allege one of the four required elements of an NIED claim under New Jersey law, the proposed amendment is futile and cannot proceed.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to file a second amended complaint [D.E. 110] is granted in part and denied in part.  Plaintiffs may amend the Complaint to include the proposed PLA claim and loss of services claim.  Plaintiffs' motion is denied insofar as Plaintiffs seek to add claims for NIED and companionship and society.  An appropriate order accompanies this Opinion.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

Dated:  April 28, 2017